OPINION
{¶ 1} Plaintiff-appellant, State of Ohio, ex rel. Hardin County Publishing Company appeals the April 1, 2002 order of the Hardin County Court of Common Pleas denying mandamus and declaring that defendant-appellee, Hardin Memorial Hospital, is not a "public institution" and its board is not a "public body" for purposes of R.C.121.22 which would require the board to hold meetings which are open to the public. Plaintiff asserts four assignments of error with the trial court's judgment. 1. "The judgment of the court below is not sustained by and is against the manifest weight of the evidence." 2. "The trial court erred in failing to find R.C. § 121.22 applicable to Appellee." 3. "The trial court erred in failing to find Appellee to be a `local public institution' as contemplated by R.C. § 121.22(B)(1) and therefore its controlling board to be a `public body.'" 4. "The trial court erred in failing to find Respondent liable to the proscriptions of R.C. §121.22, `the Sunshine Law', by estoppel."
 {¶ 2} Our review of the record reveals that the trial court has thoroughly addressed all of the relevant factual and legal issues pertaining to this appeal in its judgment entry denying plaintiff-appellant's claim in mandamus and declaration that defendant-appellee shall not be enjoined according to R.C. 121.22. Accordingly, we hereby adopt the final judgment entry of the trial court dated April 1, 2002, incorporated and attached hereto as Exhibit A, as our opinion in this case. For the reasons stated therein, the plaintiff's assignments of error are overruled and the judgment of the Hardin County Court of Common Pleas is affirmed.
Judgment affirmed.
 HADLEY and WALTERS, JJ., concur.
 "Exhibit A"
[EDITORS' NOTE: EXHIBIT A IS ELECTRONICALLY NON-TRANSFERRABLE.]